COCHRAN, J.,
filed a concurring opinion.
I join the majority opinion. I write separately simply to point out that the State lost this conviction because it did not pay sufficient attention to its pleading. It may seem trivial, but there is, in cases such as this one, a difference between “concealing,” “altering,” and “destroying” evidence. That is why the legislature included all three criminal acts that constitute “tampering” with evidence in the statute.[1] And that is why a prosecutor might *619 allege all three criminal acts in its indictment or information. I would agree that appellant concealed the baggie when he swallowed it, but there is no evidence to support a finding that the baggie was “destroyed” when swallowed.
Furthermore, although the parties have not raised the issue in this Court, I wonder how the baggie is “evidence” in an investigation? I can certainly understand how the pills contained within the baggie might be evidence if they are contraband, but surely possession of the baggie is neither a crime itself nor any evidence of a crime. Appellant may have swallowed the baggie, but it is the pills that matter.
Before filing a pleading, the cautious prosecutor might list out each element of the offense and each descriptive phrase and ask whether he can prove each element and allegation and whether the list adds up to a criminal offense.

. Tex. Penal Code § 37.09(a)(1) ("A person commits an offense if, knowing that an inves *619 tigation or official proceeding is pending or in progress, he ... alters, destroys, or conceals any record, document, or thing with intent to impair its verity, legibility, or availability as evidence in the investigation or official pro-ceedingf.]”).